**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| TIMOTHY PRIEST WALKER, | FILED<br>Scott L. Poff, Clerk<br>United States District Court<br>*By mgarcia at 10:01 am, Nov 26, 2019* |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-45 |
| v. | |
| MARTY ALLEN, Warden; PINERO, Care & Treatment Warden; and NAOMI DANIELS, Kitchen Stewardess, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brings this action under 42 U.S.C. § 1983 based on events occurring while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** any claims against Defendants in their official capacities. I also **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claims against Defendants Pinero and Allen arising out of Plaintiff's placement on Tier I. I further **RECOMMEND** the Court **DISMISS** Plaintiff's claims brought under the Federal Tort Claims Act ("FTCA") and the Prison Rape Elimination Act ("PREA"). Finally, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

However, I **FIND** that Plaintiff sets forth an Eighth Amendment claim against Defendant Daniels in her individual capacity, and I **FIND** that Plaintiff sets forth a claim of deliberate indifference to his medical needs against Defendants Pinero and Allen in their individual capacities. I also **FIND** that Plaintiff's retaliation claim against Defendants Pinero and Allen in their individual capacities may proceed.

**I HEREBY DIRECT** a copy of Plaintiff's Complaint and attached exhibits, docs. 1, 1-1, 1-2, 1-3. 1-4, 1-5, and a copy of this Order to be served upon Defendants Daniels, Allen, and Pinero by the United States Marshal without prepayment of cost.

## BACKGROUND[1]

Plaintiff alleges that on May 2, 2017, while incarcerated at Georgia State Prison, he was sexually abused by Defendant Daniels, who worked as a kitchen stewardess at the prison. Doc. 1 at 5. Following the alleged abuse, Plaintiff claims Defendant Allen (the prison's Warden) and Defendant Pinero (the prison's Care and Treatment Warden) punished him by placing him in the hole on Tier I. Id. He also claims he was subjected to a retaliatory transfer and failed to get needed mental health treatment. Id. at 6. Plaintiff seeks to bring his claims under § 1983, the FTCA, and the PREA. Id. He alleges he suffers from post-traumatic stress syndrome and seeks $3 million in damages. Id. at 7.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening,

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

3

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Official Capacity Claims

To the extent Plaintiff is seeking monetary damages from Defendants, Plaintiff cannot sustain a § 1983 claim against them in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from a suit for monetary damages under § 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as officers at a state penal institution. Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages

against Defendants in their official capacities. Therefore, I **RECOMMEND** the Court **DISMISS** any § 1983 claims by Plaintiff for monetary relief against Defendants in their official capacities.

## II.     Claim Against Defendant Daniels

Plaintiff alleges Defendant Daniels violated the PREA. See 34 U.S.C. §§ 30301–09. Specifically, Plaintiff claims he was sexually abused by Defendant Daniels, a female employee of Georgia State Prison. Doc. 1 at 5. While Plaintiff omits any specific details of the alleged abuse, it appears that, at the very least, sexual intercourse occurred between Plaintiff and Defendant Daniels on May 2, 2017. Id. at 6.

The "PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape." Diamond v. Allen, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (citation omitted). However, the "PREA does not create a private cause of action for allegations of prison rape, or otherwise confer any extra rights outside of the normal prison grievance system . . . ." Id. (citations and quotations omitted). Accordingly, Plaintiff does not have a claim under the PREA, as the PREA does not create a private cause of action.

However, the Court will consider Plaintiff's claim against Defendant Daniels under the Cruel and Unusual Punishments Clause of the Eighth Amendment. The United States Supreme Court has stated that "[p]unishments incompatible with the evolving standards of decency that mark the progress of a maturing society . . . are repugnant to the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 10 (1992) (citations and quotations omitted). Moreover, the Eleventh Circuit Court of Appeals has noted that "[s]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders

5

pay for their offenses against society." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (citation and quotation omitted).

"Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). Moreover, in Georgia, it is against the law for an employee of a correctional facility to have sexual contact with a person in custody at that correction facility, and consent is not a defense. See O.C.G.A. § 16-6-5.1. While Plaintiff's Complaint is lacking in detail as to the circumstances surrounding the incident with Defendant Daniels, the Court recognizes that sexual abuse can amount to a violation of the Eighth Amendment. Accordingly, the Court **FINDS** Plaintiff's claim against Defendant Daniels may proceed under the Eighth Amendment. I **RECOMMEND** the Court **DISMISS** any claims Plaintiff brings under the PREA.

### III.   Claims Against Defendants Allen and Pinero

Plaintiff alleges Defendants Allen and Pinero violated his Eighth Amendment rights when they placed him in segregation on Tier I. Doc. 1 at 6. He also alleges these Defendants retaliated against him by transferring him, and they failed to assist with his mental health needs. Id. The Court analyzes these claims as follows.

#### A.   Eighth Amendment Conditions of Confinement Claim

Plaintiff alleges he was subjected to cruel and unusual punishment when Defendants Allen and Pinero placed him "in the hole" on Tier I after he "was caught in sexual act" with Defendant Daniels. Doc. 1 at 6. "[A]dministrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." Sheley v. Dugger, 833 F.2d 1420, 1428–29 (11th Cir. 1987). "A plaintiff seeking to show unconstitutional conditions of

6

confinement must clear a 'high bar' by demonstrating '*extreme* deprivations.'" Ellis v. Pierce County, 415 F. App'x 215, 217 (11th Cir. 2011) (citing Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004)).  An Eighth Amendment violation requires the prisoner to allege that he is deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Even if the Court were to assume that the segregation was punitive as opposed to administrative,[2] "punitive isolation 'is not necessarily unconstitutional, but it may be, depending on the duration of the confinement and the conditions thereof.'" Hutto v. Finney, 437 U.S. 678, 685–86 (1978).  Here, Plaintiff does not state any specifics about the conditions of "the hole" or the exact length of time he was confined there (though he does imply he was transferred to another prison not long after the incident).  Doc. 1 at 6.  As Plaintiff's Complaint stands, all the Court is able to discern is that Plaintiff was placed on Tier I segregation for a limited amount of time after a prison officer witnessed Plaintiff engaging in a sexual act with Defendant Daniels. Id.  He fails to provide any details that "shock the conscience" or would otherwise trigger Eighth Amendment concerns.  See Hamm v. DeKalb County, 774 F.2d 1567, 1571 (11th Cir. 1985) ("[S]tates may not impose punishments that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed."); see also Pierce v. Prison, No. 6:16-cv-172, 2017 WL 125041, at *5 (S.D. Ga. Jan. 12, 2017) ("Even accepting Plaintiff's assertions that Defendants arbitrarily placed him in administrative confinement, he fails to plausibly state an Eighth

---

[2]     Plaintiff attached the Warden's/Superintendent's Grievance Response, dated May 22, 2017, as an exhibit to his Complaint.  See Doc. 1-2.  In it, Plaintiff's housing assignment is described as "Tier I/Administrative Segregation."  Id.

Amendment claim."). As a result, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim against Defendants Allen and Pinero arising out of his placement on Tier I.

### B. Retaliation Claim

Plaintiff also alleges Defendants Allen and Pinero retaliated against him by transferring him to another prison. Doc. 1 at 6. The law provides that "[p]rison officials may not retaliate against inmates for filing lawsuits or administrative grievances. While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials." Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (citations omitted). A retaliatory transfer violates a prisoner's First Amendment rights. Id. In this case, Plaintiff alleges he was transferred because he filed a grievance with Georgia State Prison and a PREA investigation took place concerning the sexual activity between Plaintiff and Defendant Daniels. See Doc. 1-3. Based on these allegations, the Court allows Plaintiff's claim of retaliatory transfer to proceed against Defendants Allen and Pinero.

### C. Deliberate Indifference to Medical Needs Claim

Plaintiff also alleges that Defendants Allen and Pinero failed to get Plaintiff the mental health treatment he needed following the alleged sexual abuse. Doc. 1 at 6. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner can state a valid claim under the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care . . . ." Id. at 104–05. Moreover, "the [E]ighth [A]mendment protects prison inmates from deliberate indifference to their psychiatric needs . . . ." Greason v. Kemp, 891 F.2d 829, 834

(11th Cir. 1990).  "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation and citation omitted).  To prevail on his claim of deliberate indifference, Plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).

Plaintiff was seen by a psychologist at least once in the days following the May 2, 2017 incident of alleged sexual abuse.  Doc. 1 at 4.  However, on May 19, 2017, Plaintiff submitted a grievance stating he needed "to talk to a mental health counselor for my psychological wounds[,]" and there is no indication that he was ever provided any mental health counseling in response to this grievance.  Doc. 1-3.  The Court allows Plaintiff to proceed with his claims against Defendants Allen and Pinero for deliberate indifference to his medical needs while Plaintiff was an inmate at Georgia State Prison.[3]

## IV.   Federal Tort Claims Act

Plaintiff also seeks to sue Defendants under the FTCA.  An FTCA claim can be brought only against the United States for the acts or omissions of an employee of the federal government.  See 28 U.S.C. §§ 1346(b), 2671–80; Trupei v. United States, 304 F. App'x 776, 782 (11th Cir. 2008) ("[T]he FTCA authorizes claims only against the United States.").  As Plaintiff is bringing this action against state employees, he fails to state a claim under the FTCA, and thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims brought under the FTCA.

---

[3]   As Plaintiff has since transferred from Georgia State Prison, see doc. 1 at 4, he cannot seek injunctive relief from Defendants Allen and Pinero in the form of prospective medical treatment.  See Robbins v. Robertson, No. 16-16021, 2019 WL 3302229, at *3 (11th Cir. July 23, 2019) ("'The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief' even when 'there is no assurance that he will not be returned to the jail.'").

9

## V.    Leave to Appeal *in Forma Pauperis*

If the Court adopts this recommendation, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to any dismissed claims.[4]  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[4]    A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** any claims against Defendants in their official capacities.  I also **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claims against Defendants Pinero and Allen arising out of Plaintiff's placement on Tier I.  I further **RECOMMEND** the Court **DISMISS** Plaintiff's claims brought under the FTCA and the PREA.  Finally, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

However, I **FIND** that Plaintiff sets forth an Eighth Amendment claim against Defendant Daniels in her individual capacity, and I **FIND** that Plaintiff sets forth a claim of deliberate indifference to his medical needs against Defendants Pinero and Allen in their individual capacities.  I also **FIND** that Plaintiff's retaliation claim against Defendants Pinero and Allen in their individual capacities may proceed.

**I HEREBY DIRECT** a copy of Plaintiff's Complaint and attached exhibits, docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5, and a copy of this Order to be served upon Defendants Daniels, Allen, and Pinero by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not

necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1.</u>

<u>Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  <u>Id.</u>  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard

cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.  Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Local R. 7.5.

Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA